## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LUIS ARCEO MIRAMONTES     *
8757 Georgia Ave, Suite 400     *
Silver Spring, MD 20910     *
    *
      PLAINTIFF,     *
    *
v.     *    Case No.   1:25-cv-00564
    *
DAVID M. SCHWARZ     *
4520 N. Bay Road     *
Miami Beach, FL 33140     *
    *
ARCHITECTURAL OBJECTS, INC.     *
d//b/a DAVID M. SCHWARZ     *
ARCHITECTS     *
1707 L Street, NW, Suite 400     *
Washington, DC 20036     *
    *
      SERVE REGISTERED AGENT:     *
      Michael F. Curtin, Esq.     *
      1900 M St., N.W., Suite 600     *
      Washington, DC 20009     *
    *
      DEFENDANTS.     *

*************************************************************************

## COMPLAINT

Plaintiff Luis Arceo Miramontes ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants David M. Schwarz ("Schwarz") and Architectural Objects, Inc. d/b/a David M. Schwarz Architects ("DMSAS" and, together, "Defendants"), to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* ("DCWPCL"), and the Virginia Wage Payment and Overtime Acts, Va. Code Ann. § 40.1-29 and 29.2 *et seq.* as set forth below.

## PARTIES AND JURISDICTION

1.    Plaintiff is an adult resident and citizen of Virginia.

2.    Defendant Schwarz is an adult resident and citizen of either Florida or the District of Columbia.  During the relevant period, Schwarz owned multiple properties in the District of Columbia.

3.    Defendant DMSAS is a corporation incorporated in the District of Columbia with its principal place of business there.

4.    Defendants employed Plaintiff as a gardener and landscaper working on Defendants' luxury farm located at 3560 Chestnut Forks Rd, Marshall, VA 20115.

5.    On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volumes of sales made or business done in an amount exceeding $500,000.00.  DMSAS is a successful architectural firm with a substantial number of officers and employees that has worked on many projects, including colleges, music venues and theaters, and hotels and resorts.  Thus, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6.    At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, and otherwise worked on goods and materials that were moved in or produced for commerce.  Thus, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7.    DMSAS was Plaintiff's "employer" for purposes of the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts.  Schwarz was Plaintiff's "employer" for purposes of the FLSA, DCWPCL, and the Virginia Wage Payment Act.

2

8. This Court has federal question jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims involve "the same case or controversy" as Plaintiff's FLSA claim. This Court also has diversity question jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of Virginia, neither defendant is a citizen of Virginia, and the amount in controversy exceeds $75,000.00.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b).

10. Defendants are subject to the DCWPCL because, at all times during the relevant period, Schwarz was an "individual . . . employing any person in the District of Columbia" and DMSAS was a "corporation . . . employing any person in the District of Columbia."

## FACTS

11. Plaintiff worked for Defendants as a gardener and landscaper from about April 2008 through about November 1, 2024.

12. Plaintiff's and Defendants' Counsel entered into a tolling agreement under which Defendants waived all rights and defenses which may be available by virtue of the further running of the limitations period between January 31, 2025 and February 28, 2025.

13. During the relevant period, Schwarz owned and operated DMSAS. Schwarz is the Principal, Founder & Chairman of DMSAS.

14. According to its website, DMSAS is a "Washington, DC-based design firm" that "employs an architectural staff of 35" and has its "sole design studio" in the District of Columbia.

15. Defendants employed Plaintiff as a gardener and landscaper at Schwarz's luxury farm in Marshall, Virginia, which Schwarz and DMSAS own together.

3

16. During the relevant period, DMSAS paid Plaintiff for his work. Plaintiff's earnings statements reflect that the "Company" paying Plaintiff was "Architectural Objects Inc." and provide the D.C. address for DMSAS.

17. Throughout Plaintiff's employment, Schwarz:

    a. Had the power to hire, fire, suspend, or otherwise discipline Plaintiff;

    b. Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

    c. Had the power to set and control Plaintiff's work schedule; and

    d. Had the power to set and determine Plaintiff's rate and method of pay.

18. During the relevant period, Plaintiff generally worked more than 40 hours per week.

19. At Defendants' request, Plaintiff generally created and submitted time sheets indicating how many hours he worked per day and per week and detailing the nature of his work each day.

20. Plaintiff's time sheets reflect that he regularly worked more than 40 hours per week.

21. Despite this, Defendants paid Plaintiff for only 40 hours of work per week.

22. Plaintiff's earnings statements generally indicated that Plaintiff worked 80 hours per bi-weekly pay period regardless of how many hours he actually worked. Similarly, Defendants generally paid Plaintiff the same amount regardless of how many hours he worked.

23. For example, Defendants paid Plaintiff $3,769.20 on July 26, 2024 for work performed between July 20 and August 2, 2024, purportedly for 80 hours of work. However, Plaintiff's time sheets indicate that he worked 44 hours between July 20 and 26, 2024, and 45.5 hours between July 27 and August 2, 2024.

24.    Defendants never paid Plaintiff one-and-one-half times (1.5x) Plaintiff's regularly hourly rate of pay for the hours Plaintiff worked over forty each week.

25.    Plaintiff's primary work duties did not qualify for exemption under the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts.

26.    Defendants' failure and refusal to pay Plaintiff the wages he rightfully earned as required by the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts, including overtime pay at a rate of one-and-one-half times (1.5x) his regular rate, was willful, intentional, and knowing, was not in good faith, and was not the result of a *bona fide* dispute.

## CAUSES OF ACTION

### COUNT I
### Violation of the Federal Fair Labor Standards Act

27.    Plaintiff re-alleges and re-asserts each and every allegation set forth above as though each was set forth herein.

28.    The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

29.    At all times, Plaintiff was an "employee" and Defendants were Plaintiff's "employers" under § 207(a)(1)-(2) of the FLSA.

30.    Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

31.    As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

32.     As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half times (1.5x) his regular rate for all overtime hours he worked.

33.     Specifically, Defendants paid Plaintiff for only 40 hours of work per week and did not compensate Plaintiff at a rate of one-and-one-half times (1.5x) his regular rate for the overtime hours that he regularly worked.

34.     Plaintiff's primary work duties did not qualify for exemption under the FLSA.

35.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of the D.C. Wage Payment and Collection Law
### (Unpaid Wages – Against Both Defendants)

36.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

37.     Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of the DCWPCL. Under D.C. Code § 32-1301, "'[e]mployer' includes every individual . . . [and] corporation . . . employing any person in the District of Columbia." DMSAS employs multiple workers in the District of Columbia because DMSAS is a "Washington, DC-based design firm" that "employs an architectural staff of 35" and has its "sole design studio" in the District of Columbia. Schwarz employed multiple workers in the District of Columbia through DMSAS because he is the Principal, Founder, and Chairman of DMSAS.

6

38. Under the DCWPCL, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

39. "Wages" pursuant to the DCWPCL (DC Code § 32–1301(3)), "includes . . . [o]vertime premium; and" all "[o]ther remuneration promised or owed."

40. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

41. Defendants owe Plaintiff wages for work duties performed as set forth above.

42. Specifically, Defendants paid Plaintiff for only 40 hours of work per week and did not compensate Plaintiff at a rate of one-and-one-half times (1.5x) his regular rate for the overtime hours that he regularly worked.

43. Plaintiff's primary work duties did not qualify for exemption under the DCWPCL.

44. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPCL.

45. Defendants' failure to pay Plaintiff all wages earned, owed, and required by the DCWPCL was knowing, willful and intentional, was not the result of any bona fide dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the Virginia Wage Payment and Overtime Acts

46.    Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each was set forth herein.

47.    Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employers" within the meaning of Va. Code Ann. § 40.1-29.2.

48.    The Virginia Wage Payment and Overtime Acts mandate that employers must pay their employees all wages they are due, including overtime wages.

49.    Defendants, as Plaintiff's employers under the Virginia Wage Payment and Overtime Acts, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

50.    As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours during each week of Plaintiff's employment.

51.    As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half times (1.5x) his regular rate for all the overtime hours he worked.

52.    Specifically, Defendants paid Plaintiff for only 40 hours of work per week and did not compensate Plaintiff at a rate of one-and-one-half times (1.5x) his regular rate for the overtime hours that he regularly worked.

53.    Plaintiff's primary work duties did not qualify for exemption under the Virginia Wage Payment and Overtime Acts.

54.    Defendants' failure and refusal to pay Plaintiff all wages due was willful, intentional, not in good faith, and knowing inasmuch as Defendants had actual knowledge of their obligation to pay Plaintiff for all hours worked, including overtime, or acted in deliberate ignorance or reckless disregard of that obligation.

8

55.     As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

WHEREFORE, Defendants are liable to Plaintiff under Count III, for all unpaid wages in an amount to be proven at trial, liquidated damages as provided by statute (treble damages), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster, Esquire, Bar No.: 1001110
Charles Tracy, Esquire, Bar No.: 1780626
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Telephone: 301-587-9373
Fax: 240-839-9142
mamster@zagfirm.com
ctracy@zagfirm.com

*Counsel for Plaintiff*

Date: February 25, 2024