**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| LUIS ARCEO MIRAMONTES, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 1:25-cv-00564 |
| | ) | |
| ARCHITECTURAL OBJECTS, INC., *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | |

### ANSWER OF DEFENDANTS DAVID M. SCHWARZ AND ARCHITECTURAL OBJECTS, INC.

Defendants, David M. Schwarz and Architectural Objects, Inc., (hereinafter referred to as "Defendants"), through their attorneys, hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint.  Defendants note that David M. Schwarz Architects is not d/b/a Architectural Objects, Inc., but is a completely separate entity and is in no way connected to Plaintiff or relevant to this matter.

As permitted by Rule 8(d) of the Federal Rules of Civil Procedure, Defendants may assert some of their defenses to Plaintiff's claims alternatively and, in some cases, hypothetically.  As permitted by the Federal Rules of Civil Procedure, Defendants assert such defenses regardless of their consistency and based upon both legal and equitable grounds.  As the facts pertaining to the parties' respective claims and defenses are fully developed through the discovery process, Defendants may abandon, modify, or amend their defenses as permitted by and consistent with the Federal Rules of Civil Procedure.

As to the first unnumbered paragraph of the Complaint, Defendants admit that Plaintiff has brought this action against them pursuant to the FLSA, DCWPCL, and the Virginia Wage Payment

12779930v1

and Overtime Act, but denies any wrong doing or liability to Plaintiff whatsoever.

<strong><u>AS TO ALLEGED PARTIES AND JURISDICTION</u></strong>

1.      Defendants lack sufficient knowledge or information upon which to form a belief as to the allegations in contained in Paragraph 1 of the Complaint, and therefore deny same.

2.      Defendants admit that Defendant Schwarz is an adult resident and citizen of the state of Florida.   Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

<strong><u>AS TO ALLEGED FACTS</u></strong>

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants admit they entered into a tolling agreement with Plaintiff's counsel which tolled the running of the statute of limitations starting January 31, 2025 and expired on February 28, 2025.  Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

12779930v1

15.    Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.    Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.    Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.    Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.    Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.    Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations contained in Paragraph 26 of the Complaint.

## AS TO CAUSES OF ACTION

### Count I

27.    Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.    Paragraph 28 of the Complaint contains largely statements or conclusions of law, which do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.    Paragraph 29 of the Complaint contains largely statements or conclusions of law, which do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

12779930v1

30.     Paragraph 30 of the Complaint contains largely statements or conclusions of law, which do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

As to the paragraph immediately following paragraph 35 of the Complaint, beginning with "WHEREFORE," Defendants deny the allegations of such paragraph, and deny that Plaintiff is entitled to any relief whatsoever.

<u>Count II</u>

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint contains largely statements or conclusions of law, which do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint contains largely statements or conclusions of law, which do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint contains largely statements or conclusions of law, which do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

12779930v1

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

As to the paragraph immediately following paragraph 45 of the Complaint, beginning with "WHEREFORE," Defendants deny the allegations of such paragraph, and deny that Plaintiff is entitled to any relief whatsoever.

## Count III

46.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

47.     Paragraph 47 of the Complaint contains largely statements or conclusions of law, which do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint contains largely statements or conclusions of law, which do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint contains largely statements or conclusions of law, which do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

12779930v1

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

As to the paragraph immediately following paragraph 55 of the Complaint, beginning with "WHEREFORE," Defendants deny the allegations of such paragraph, and deny that Plaintiff is entitled to any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants deny any and all allegations contained in the Complaint that are not expressly admitted herein.  Defendants reserve the right to rely upon the denials, defenses and affirmative defenses to the claims asserted in Plaintiff's Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of their rights to amend or supplement their responses to Plaintiff's Complaint, as well as their affirmative defenses, as information is gathered through discovery.

## FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

The Complaint, and each alleged claim contained therein, is barred in whole or in part by all applicable statutes of limitations, including without limitation 29 U.S.C. § 255.

## THIRD DEFENSE

- 6 -

12779930v1

Plaintiff is precluded from recovering any amounts from Defendants where Plaintiff has been paid all sums legally due under the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts.

## FOURTH DEFENSE

The Complaint should be dismissed because the U.S. District Court for the District of Columbia is an improper venue.

## FIFTH DEFENSE

Defendants assert that they are not liable to Plaintiff for overtime because Plaintiff was exempt from the overtime requirements of the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts for all times relevant to this lawsuit pursuant to 29 U.S.C. §§ 207 and 213 and 29 C.F.R. Part 541.

## SIXTH DEFENSE

Plaintiff, by reason of his conduct and actions, is estopped and/or has waived the right, if any, to assert his Complaint and each purported cause of action therein.

## SEVENTH DEFENSE

The Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the FLSA which may have occurred were not "willful" within the meaning of the statute.

## NINTH DEFENSE

12779930v1

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of three years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that this Court lacks subject matter and/or other jurisdiction over all or portions of plaintiff's Complaint.

## ELEVENTH DEFENSE

Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended 29 U.S.C. § 260, as Defendant was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act.

## TWELFTH DEFENSE

Any claim under District of Columbia law is barred because the entirety of the actions and circumstances leading to Plaintiff's Complaint took place in Virginia and not Washington D.C.

## THIRTEENTH DEFENSE

Defendants were not employers of Plaintiff within the meaning of the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts.

## FOURTEENTH DEFENSE

Defendants cannot be liable for damages under the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts, including, but not limited to, liquidated damages, because a bona fide dispute exists between Plaintiff and Defendants as to whether any wages are due and owing to Plaintiff.

## FIFTEENTH DEFENSE

12779930v1

To the extent the Defendants have any liability for wages, an award of liquidated damages against Defendants is inappropriate because Defendants' conduct was in good faith, and Defendants had bona fide, reasonable grounds to believe that it was not engaged in any violation of a wage-payment obligation.

**SIXTEENTH DEFENSE**

To the extent the period of time, or any part thereof, alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts, such claims are time barred.

**SEVENTEENTH DEFENSE**

Any alleged violations of the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts were not willful, knowing, in deliberate ignorance of, or reckless disregard for, the truth or falsity of relevant information, or in reckless disregard for the provisions of the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts.

**EIGHTEENTH DEFENSE**

To the extent any sum is found due and owing to Plaintiff, Defendants are entitled to set-off against said sum to the extent Defendants paid the individual more than otherwise required under the FLSA, DCWPCL, and the Virginia Wage Payment and Overtime Acts.

**NINETEENTH DEFENSE**

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of estoppel, laches, release, *in pari delicto*, ratification, unclean hands, accord and satisfaction, and/or waiver

**TWENTIETH DEFENSE**

12779930v1

Some or all of Plaintiff's claims are barred to the extent they have sustained no damages, have actually been overpaid, and, as a result, lack standing

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences, to the extent they could have corrected errors in compensation or wage payments by reporting them so they could be promptly corrected.

## DEFENDANTS' RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer as Plaintiff's claims are investigated in the course of this litigation.  Further, Defendants reserve the right to assert additional affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendants respectfully pray that:

1.     The Court enter judgment in favor of Defendants and dismiss Plaintiff's Complaint in its entirety and with prejudice;

2.     The Court deny each and every prayer for relief identified in Plaintiff's Complaint; and

3.     The Court award Defendants their reasonable expenses and costs associated with defending this action, including attorneys' fees, along with any such other and further relief as the Court may deem proper.

Dated: April 25, 2025                                    Respectfully submitted,

                                                                 /s/ *Jason D. Friedman*
                                                                 Jason D. Friedman, Bar No.: MD18898
                                                                 jfriedman@constangy.com

- 10 -

12779930v1

Constangy, Brooks, Smith & Prophete, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, VA 22033
571.522.6116

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, Jason Friedman, hereby certify that, on this 25th day of April, 2025, the above ANSWER, was filed through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Jason D. Friedman
Jason D. Friedman

12779930v1